STATE of Wisconsin EX REL. Stephen GRANT, Petitioner-Appellant,†

v.

DEPARTMENT OF CORRECTIONS, Michael J. Sullivan, Secretary and, Oscar Shade, Warden, Racine Correctional Institution, Respondents-Respondents.

Court of Appeals

*No. 93–2562. Submitted on briefs January 18, 1995.—Decided March 1, 1995.*

(Also reported in 531 N.W.2d 367.)

†Petition to review filed.

On behalf of the petitioner-appellant, the cause was submitted on the briefs of *Kathleen R. Lang* of Racine.

On behalf of the respondents-respondents, the cause was submitted on the brief of *James E. Doyle,* attorney general and *Mary E. Burke*, assistant attorney general.

Before Anderson, P.J., Brown and Snyder, JJ.

ANDERSON, P.J. Stephen Grant appeals from a decision denying recalculation of his good time pursuant to § 53.12(1), STATS., 1981-82, and WIS. ADM. CODE § DOC 302.31(6). Because deference is to be given to the Department of Corrections' (DOC) interpretation of both § 53.12(1) and WIS. ADM. CODE § DOC 302.31, and because Grant was not denied due process, we affirm.

Grant is an inmate at the Racine Correctional Institution. In 1990, Grant was on parole for two Milwaukee county convictions, court case nos. I–3290 and K–5497, for which he received consecutive fifteen- and ten-year sentences, respectively. On December 9, 1990, Grant was arrested for possession of a firearm and for possession of cocaine. Department of Corrections began proceedings to revoke Grant's parole. Grant requested a hearing. The notice of violation informed Grant that DOC would seek forfeiture of his good time upon parole revocation.

After the revocation hearing, there was confusion in DOC whether one or both court cases had been revoked and what was the correct amount of good time to be forfeited. By memo of May 13, 1992, Registrar Jim

Pint concluded that DOC considered both cases to have been revoked since only one case would not have resulted in the good time calculated. Pint further stated that while "miscues" were admitted to have occurred, dropping case no. I–3290 as requested would be outside the scope of the program and would require Grant to seek relief in court.

Grant filed a writ of habeas corpus in Racine county circuit court alleging that DOC miscalculated the amount of earned good time to be forfeited requiring Grant to serve an excessive sentence. The circuit court denied Grant's petition for writ of habeas corpus. Grant appeals that decision. Grant's appeal was stayed pending the Wisconsin Supreme Court's decision in *State ex rel. Parker v. Sullivan (Turner)*, 184 Wis. 2d 668, 517 N.W.2d 449 (1994).

Grant alleges that a DOC table entitled "Method of Figuring Good Time Earned at Wisconsin State Prison" (the table) incorrectly interprets "industrial" good time by using a one- to seven-day rate, contrary to the one- to six-day rate authorized by § 53.12(1), STATS., 1981-82, and WIS. ADM. CODE § DOC 302.31(6). Interpretation of a statute or a regulation is a question of law which we review de novo. *Franklin v. Housing Auth.*, 155 Wis. 2d 419, 425-26, 455 N.W.2d 668, 672 (Ct. App. 1990).

*Turner* involved the interpretation of a good-time statute similar to § 53.12(1), STATS., 1981-82. *Turner*, 184 Wis. 2d at 686-87, 517 N.W.2d at 455-56. This court is bound by *Turner*'s dictates even though a different statute was examined. The *Turner* court concluded that:

> The language and legislative history of the statute, the Department of Corrections' long-standing, widely disseminated and widely relied upon interpretation of the statute, the Department's rulemaking process, and the repeated references in case law, attorney general's opinions, and commentary to the Department's method of computing good time all lead us to conclude that the court of appeals and this court should refrain from substituting their interpretation of this statute for the long-standing interpretation of the agency charged with its administration.

*Id.* at 703, 517 N.W.2d at 462. Even though § 53.12(1) is not facially flawed, as the statute was in *Turner*, the two statutes have similar legislative histories and the administrative interpretations are analogous as well. We therefore defer to the DOC's statutory interpretation of § 53.12(1) as the supreme court directed in *Turner*.

■.

Contrary to Grant's assertion, DOC's table is a reasonable interpretation of WIS. ADM. CODE § DOC 302.31(6). When the administering agency's interpretation is reasonable and consistent with the regulation's purpose, the courts will defer to the agency's interpretation. *Franklin*, 155 Wis. 2d at 426, 455 N.W.2d at 672.

WISCONSIN ADM. CODE § DOC 302.31(6) puts into rule form the requirement in § 53.12(1), STATS., 1981-82, that an inmate receive a diminution of one day for each six days in eligible status. The purpose of WIS. ADM. CODE § DOC 302.31 is to "provide incentives to inmates in work and study programs to develop and reinforce positive behavior." Chapter DOC 302 app. § 302.31. Also, WIS. ADM. CODE § DOC 302.31 provides

for fairness to inmates and reduction of unnecessary paperwork. Chapter DOC 302 app. § 302.31.

The table effectuates the purposes of WIS. ADM. CODE § DOC 302.31. The table applies the required numerical ratio. The table is reasonable and consistent because it coincides with the ratio set forth by statute and administrative rules. Also, the table applies to all inmates in eligible status, which produces fairness. The table acts as a quick reference, thus reducing unnecessary paperwork. Accordingly, the table is both a reasonable interpretation of WIS. ADM. CODE § DOC 302.31 and is consistent with the purpose of WIS. ADM. CODE § DOC 302.31.

It appears to us that Grant challenges DOC calculations in *State ex rel. Grant v. Young*, No. 87-1602, unpublished slip op. (Wis. Ct. App. Apr. 14, 1988), Grant's habeas corpus petition for the right to earn good time on forfeited good time pursuant to § 53.11, STATS., 1981-82. While this issue is raised, it is inadequately briefed. Therefore, we decline to address it. *See Vesely v. Security First Nat'l Bank*, 128 Wis. 2d 246, 255 n.5, 381 N.W.2d 593, 598 (Ct. App. 1985).

Grant also argues that he was denied due process when his "parole was revoked on File No. I–3290 without notice of charges, representation by counsel, and without a due process hearing." Whether or not Grant was denied due process is a question of law which we review de novo. *See State v. LeQue*, 150 Wis. 2d 256, 266, 442 N.W.2d 494, 498 (Ct. App. 1989).

We conclude that Grant's due process rights were not violated. Grant was given notice that he had "9 years, 8 months, 26 days good time available for forfei-

303

ture." He was also informed that his parole agent recommended that he forfeit nine years, eight months and twenty-six days of good time, and that he be denied an opportunity to earn good time credits on any amount forfeited. Grant was afforded the necessary due process protection at a parole revocation hearing where Grant was represented by counsel. We further conclude that Grant was not prejudiced by the clerical error that he had already served his sentence regarding file no. I–3290.

*By the Court.*—Order affirmed.